[Civ. No. 2163. Second Appellate District.—May 31, 1918.]

## FRANK W. WHEELER, Respondent, v. HOUSTON, GORE & LOY (a Corporation), et al., Appellants.

ATTORNEY AND CLIENT — JOINT EMPLOYMENT — ACTION FOR SERVICES—EVIDENCE—LIABILITY OF DEFENDANTS.—Where in an action against two corporations for professional services rendered by plaintiff as an attorney at law the evidence shows a joint employment, and does not show any agreement that the compensation of plaintiff should be divided and paid separately by defendants in proportion to the services to be rendered to them separately, it cannot be contended by one of the defendants that its codefendant ought to pay a larger portion of the fee because of the rendition of more difficult service, since such matter was one for adjustment between defendants, and not a matter with which plaintiff was concerned.

COSTS—DENIAL OF MOTION TO STRIKE OUT—RECORD—ORDER NOT REVIEWABLE.—Alleged error in denying a motion to strike out a bill of costs is not properly presented where the appellant fails to print in his brief any part of the record containing the order or showing the motion or the grounds thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

J. C. Craig, and Frank S. Adams, for Appellants.

Hardy, Wheeler & Hardy, for Respondent.

CONREY, P. J.—This is an action against the appellant and West Coast Engineering Company, a corporation, to recover the sum of five hundred dollars alleged to be due the plaintiff for professional services rendered by plaintiff as an attorney at law. The complaint alleged that the services were reasonably worth six hundred dollars and admitted the payment of one hundred dollars. Defendant Houston, Gore & Loy appeals from the judgment, which was for the sum demanded. Judgment by default was rendered against West Coast Engineering Company.

It is appellant's contention that only a small part of the services detailed by plaintiff were performed for appellant, and that the remaining services were performed by plaintiff

for West Coast Engineering Company and related to matters in which appellant could not, and did not, have any interest. Appellant further claims that there is no evidence by which the court could determine the value of the services actually rendered for appellant.

At the trial appellant conceded that the entire services rendered were worth six hundred dollars, but not that all the services rendered were for appellant. From the testimony as printed in the briefs it appears that at the time of plaintiff's employment there existed a controversy between defendant corporations and the Commonwealth Bonding & Casualty Company concerning contract obligations which the defendants were seeking to enforce against the bonding company. The plaintiff was called to the office of appellant, where he met certain officers of defendant corporations, including appellant's president, Mr. Houston. Thereupon those gentlemen submitted to plaintiff for his examination several documents relating to the matter in hand and stated their case. The plaintiff advised them concerning the matter, and thereafter conducted negotiations which resulted in a settlement of the controversy. At an early stage of those negotiations an agreement was reached as to the amount of money which would be paid by the bonding company to appellant. Further services were thereafter rendered by the plaintiff by which settlement was made between the bonding company and the West Coast Engineering Company, and thus the entire transaction was completed.

The evidence does not show two separate contracts of employment of plaintiff by the defendants. Neither does it show or tend to show any agreement that the compensation of plaintiff should be divided and paid for separately by the defendants in proportion to the services to be rendered to them separately. It was a joint employment for the purposes of the entire transaction. If one part of the services rendered by the plaintiff was more difficult than another and required more labor than another, and if, therefore, the West Coast Engineering Company ought to pay the larger portion of the fee, that is a proper matter for adjustment between the defendants, but it is not a matter with which the plaintiff should be concerned.

Counsel for appellant in their brief further state that the court erred in denying appellant's motion to strike out plain-

tiff's bill of costs. But they do not print in their brief any part of the record concerning the court's order, or showing the motion or the grounds thereof. The subject, therefore, is not properly presented for consideration here. (Code Civ. Proc., sec. 953c; *Barker Bros.* v. *Joos,* 36 Cal. App. 311, [171 Pac. 1085].)

The judgment is affirmed.

James, J., and Works, J., *pro tem.,* concurred.